THE STATE (NEW JERSEY RAILROAD AND TRANSPORTATION COMPANY, PROSECUTORS,) *vs.* COLLECTORS OF EAST, FIFTH, AND NINTH WARDS, NEWARK.

1. Real estate owned by a railroad company, not used or occupied for the necessary purposes of the company, is liable to taxation, notwithstanding the corporation pays a tax on its capital stock, and is exempted by their charter from further taxation.

2. The power granted to a corporation to hold lands is limited to the purposes for which the power was conferred.

3. Double taxation is not unconstitutional.

*Certiorari* in matter of taxation.

This was a *certiorari*, prosecuted by the New Jersey Railroad and Transportation Company, against the collectors of the East, Fifth, and Ninth wards of the city of Newark, to bring up for review an assessment upon certain real estate owned by said company, and not used by them for the purposes of their business.

Argued before the CHIEF JUSTICE, and ELMER, POTTS, and VREDENBURGH, Justices, at June term, 1855; *Whitehead*, for plaintiffs in *certiorari*, *Frelinghuysen*, for defendants.

The opinion of the court was delivered by

POTTS, J. The prosecutors complain of an assessment of taxes, in 1850, upon property belonging to them in what was then the East, Fifth, and Ninth wards of the city of Newark, on the ground that said property is exempted by the charter of the company from taxation.

The property consists of several parcels. 1. A lot on Market street, on which was a small building used as a barber's shop. 2. A double house and lot, No. 9 Alling street, occupied by tenants, one of whom was an employee of the company. 3. A lot and shop on Alling street, used by one Roeliff as a foundry, which business he carried on on his own account. 4. A large shop, used as a malleable iron foundry by Daniel & Bruen. 5. A dock at the foot

of Market street, occupied by Johnson & Co. for general docking purposes. 6. A dock on Passaic river, used by Jackson as a lumber yard. And 7. A dock lot on same ֻver, used by Alden & Son as a lumber yard.

The first section of the company's charter provides that they "shall be capable of purchasing, or of otherwise receiving and becoming possessed of, and holding or conveying, any real or personal estate." The fourteenth section authorizes them "to erect, build, and maintain, on the rivers Passaic and Hackensack, respectively, such wharves, piers, bridges, and other facilities as they may think expedient and necessary for the full enjoyment of all the benefits conferred by this act." The eighth section authorizes them "to erect and build a branch railroad from their present route or railroad to any landing on or near the Passaic river not north of Belleville, or to any point or points within the township of Newark, as may be deemed expedient." And the eighteenth section provides, "that from and after the completion of the said railroad, and after ֻthe expiration of five years, the said corporation shall pay into the treasury of this state, yearly and every year, a tax of one quarter of one per cent. upon theii capital stock paid in, and after the expiration of ten years, a tax of one half of one per cent. upon the true amount of the capital stock of said company, and that no other or further tax or imposition shall be levied or imposed upon the said company.

The case is within the principle settled in *The State* v. *Mansfield*, 3 *Zab.* 510. It may have been a matter of convenience to the company to hold this property. They may have foreseen that the exigencies of their legitimate business would at some future time require its use. It may be that they have, since 1850, or may hereafter actually use and occupy it for the proper purposes and objects contemplated in the act, in the construction of piers, wharves, or other facilities, or for the erection of branch roads

authorized in their charter. But it is quite clear, from the evidence, that, in 1850, it was not used and occupied for the necessary purposes of the company. The land and the buildings were lying vacant or leased out to tenants. This is decisive of the question as to their liability to taxation.

It is true that this company pays a tax to the state upon its capital stock paid in, and in that respect differs from the Camden and Amboy Railroad and Transportation Company, which pays a tax upon its business. But that does not take the case out of the principle settled in *The State* v. *Mansfield*. The power granted to a corporation to hold land is limited to the purposes for which the power was conferred. This is the general rule, and governs in the construction of the exempting clause. The tax levied may so far operate as a double tax, the property being already taxed in the shape of capital; but if the company choose to invest capital in property not necessary for their business, such as the legislature did not contemplate in their grant, they cannot complain if it is twice taxed. Double taxation is not unconstitutional. *Tatem* v. *Wright*, 3 *Zab.* 429.

AFFIRMED *State* v. *Newark*, 2 *Dutch.* 519; *Cited in State* v. *City of Elizabeth*, 4 *Dutch.* 110; *State* v. *Haight Rec.*, 6 *Vr.* 44; *State* v. *Coll. of Middle Township*, 9 *Vr.* 271; *Tucker* v. *Ferguson*, 22 *Wall.* 574.